IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT    BLUEFIELD

MICHAEL C. FERGUSON,

        Plaintiff,

vs.                                     Civil Action No. 1:17-cv-02336

RALPH W. JUSTUS, individually,
DALE MURRAY, individually,
individually, JAMES COBURN,
individually, JOHN DOE, individually,
        Defendants.

## COMPLAINT

This complaint, brought pursuant to 42 U.S.C. Section 1983, the Fourth and Fourteenth Amendments to the United States Constitution, arises out of the Defendants' use of excessive force on the Plaintiff on or about April 18, 2015 near the towns of Berwind, and Welch, McDowell County, West Virginia, within the Southern District of West Virginia.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343.

## PARTIES

1.        The Plaintiff, Michael C. Ferguson, was at all times relevant hereto a resident of Welch, McDowell County, West Virginia.

2.        Defendant Ralph W. Justus was at all times relevant hereto a trooper with the West Virginia State Police and was at all times relevant hereto acting under the color of law, having an address of 850 Virginia Avenue, Welch, West Virginia.

3.     Defendant Dale Murray was at all times relevant hereto a trooper with the West Virginia State Police and was at all times relevant hereto acting under the color of law, having an address of 850 Virginia Avenue, Welch, West Virginia.

4.     Defendant James Coburn was at all times relevant hereto a trooper with the West Virginia State Police and was at all times relevant hereto acting under the color of law, having an address of 850 Virginia Avenue, Welch, West Virginia.

5.     Defendant John Doe is a member of the West Virginia State Police and a supervisor over Defendant Ralph Justus and who had knowledge of multiple use of excessive force incidents perpetrated by Defendant Justus, or participated in, by Defendant Justus, including the allegations herein, as well as multiple other similar incidents of which Plaintiff has knowledge.

### FACTS

6.     On the evening of April 17, 2015, the Plaintiff's son, Michael "Manny" Ferguson, was having his birthday party at Plaintiff's residence in Berwind, McDowell County, West Virginia.

7.     At some point during the party, neighbors angry about the noise entered Plaintiff's property, with at least one firearm, and began attacking and threatening the partygoers.  Upon information and belief, the neighbors fired a shotgun during the altercation which ensued.  The shotgun was later recovered by police.

8.     Police were called and arrived at the scene shortly later.  Instead of speaking with the Plaintiff's grandson and his friends, who are African American, the officers spoke with the neighbors, who had been the aggressors.  Based on whatever the neighbors told the officers, the

officers drew their weapons and approached the partygoers, demanding that they get on the ground. The neighbor and his associates, on the other hand, were left standing. Upon information and belief, the neighbor was Kevin Bradley, who was then in the process of applying for employment with the West Virginia State Police, and who knew the Defendant troopers. The police officers on-scene were defendants Justus, Murray and Coburn.

9. During this time, the 72 year-old Plaintiff was asleep in his bed, inside his home. He awoke, walked onto his porch to see what was happening. As he walked onto his porch holding his 2 year-old grandson, the defendant law enforcement officers shouted at him to get on the ground.

10. Plaintiff set his grandson down inside the door of his home and as he turned around, the defendant officers forcibly grabbed him and forced him onto the ground. The Plaintiff continued to ask, "What is going on? I have a right to know what is going on."

11. The defendant officers replied, "You are under arrest." The officers jerked the Plaintiff up, placed him in handcuffs, and placed him in the back of a police car. The 72 year-old Plaintiff, having just woken up from sleep, was wearing only underwear and was not wearing shoes.

12. Plaintiff's grandson, Manny Ferguson, asked the officers why his grandfather was being arrested. One defendant officer told Manny to be quiet, or else he would go to jail too. Manny asked one officer if he could go get his grandfather some shoes. That officer replied that he could. However, another officer grabbed Manny and said, "You're resisting," and put him in handcuffs and arrested him.

13. Manny and his grandfather were placed in different West Virginia State Police vehicles. Manny was placed in Defendant Murray's vehicle and driven to the Welch detachment of the West Virginia State Police. The Plaintiff was placed in Defendant Coburn's vehicle and also driven to the Welch detachment of the West Virginia State Police.

14. While in Defendant Coburn's vehicle, the Plaintiff was beaten by one or more of the Defendant troopers. When Manny Ferguson saw his grandfather again at the Welch detachment, he saw a bruise on the Plaintiff's face and the Plaintiff told his grandson that the troopers beat him.

15. During Manny Ferguson's ride to Welch with Defendant Murray, Defendant Murray tried to provoke him into resisting in some way, calling him names, including referring to Mr. Ferguson's race.

16. After about 30 minutes at the Welch detachment, the Plaintiff had the urge to go to the bathroom and asked the defendant troopers if he could use the restroom.

17. The Plaintiff was told to "shut up." The defendant officers made him wait another 30 minutes.

18. Finally, no longer able to hold it, the Plaintiff stated that he was going to be forced to go to the bathroom on himself.

19. At that point, the defendant officers took the Plaintiff into the hallway outside the booking room at the Welch detachment. Manny asked why all 3 defendants were escorting his grandfather to the bathroom. They told him to "shut up."

20. The hallway outside the booking room at the Welch detachment of the West Virginia State Police is a location outside the view of surveillance cameras where Defendant Justus had previously beaten at least two other individuals, Aaron Akers and Antonio Tolliver.

21. After being taken to this location, the Plaintiff was beaten by defendants Justus, Murray and Coburn. Defendant Coburn hit the Plaintiff first. All three defendants struck the Plaintiff, including striking him with batons and kicking him with their boots - mostly in the abdomen.

22. During the beating, the Plaintiff was pleading for his grandson to help him, who was in the booking room. The Plaintiff's grandson could hear the beating occurring, and could hear his grandfather crying out for him, and crying that they were beating him. Manny also heard the officers refer to the Plaintiff's race during the beating.

23. When the Plaintiff was brought back into the booking room with Manny, he was limping and injured.

24. Eventually the Plaintiff and his grandson were taken to the regional jail. That night, the Plaintiff was hunched over in pain and couldn't sleep. There was a correctional officer who treated him well and kept checking on him.

25. The next morning, the Plaintiff and his grandson bonded out. After the Plaintiff's wife saw his injuries upon picking him up, she took him directly to the hospital.

26. At the Bluefield Regional Hospital, the Plaintiff was diagnosed with 7 fractured ribs, a fractured finger, and a lung contusion, consisting with, and resulting from, an assault by police officers.

27. Both the Plaintiff, and his grandson Manny, were charged by the defendant troopers with "obstruction" and "disorderly conduct." The charges were subsequently dismissed by the Magistrate Court of McDowell County as being without merit. Additionally, upon information and belief, the defendant officers attempted to charge the Plaintiff with "assault on a trooper" and "battery on a trooper." However, the Magistrate Court of McDowell County found no probable cause for those charges. Upon information and belief, the Magistrate Court of McDowell County has, in other cases, dismissed criminal charges sought by Defendant Justus where the defendants alleged to have been beaten by Justus and were found to have received injuries while in Justus' custody.

28. On December 1, 2014, Defendant Justus beat another African American, Antonio Tolliver, in the same hallway of the Welch detachment of the West Virginia State Police. Coincidentally, Mr. Tolliver was also beaten in the ribs and suffered rib injuries. Like the Plaintiff's circumstance, Mr. Tolliver was arrested over an extremely minor misdemeanor, which ended up being dismissed by the Magistrate Court (except a traffic citation).

29. On March 8, 2015, a little over one month before the Plaintiff was beaten, Defendant Justus beat another individual, Aaron Akers, in the same hallway of the Welch West Virginia State Police detachment. Like each other incident, the beating took place in the same hallway outside the booking room which is out of view of surveillance cameras. Like the other beatings, Mr. Akers was beaten in his abdomen, suffering multiple spinal fractures. Like the Plaintiff's circumstance, Mr. Akers was arrested over an extremely minor misdemeanor, which ended up being dismissed by the Magistrate Court.

30. Defendant John Doe, Defendant Justus' supervisor, was well-aware of Mr. Justus' pattern and practice of unnecessarily beating misdemeanor arrestees in the hallway of the Welch West Virginia State Police detachment. Nevertheless, neither he, nor the West Virginia State Police, apparently have any desire to put a stop to it.

## COUNT ONE - EXCESSIVE FORCE UNDER 42 U.S.C. 1983

## VIOLATION OF THE FOURTH AMENDMENT

31. Plaintiff incorporates by reference all the allegations contained in the previous paragraphs.

32. Defendants Ralph Justice, Dale Murray and James Coburn, under color of state law, used excessive force against the Plaintiff at the scene of his arrest by forcing him to the ground, jerking him up, placing him in the police car, and then striking him while in the police car, as described above on detail, on or about the early morning hours of April 18, 2017.

33. When the defendants engaged in the infliction of violent physical force against the Plaintiff by forcing him to the ground, jerking him up, placing him in the police car, and then striking him while in the police car, no objectively reasonable officer could have perceived the Plaintiff as posing an immediate threat to the safety of any of the defendant officers, or any other individual, so as to require the use of violent physical force.

34. The defendant officers had no legitimate reason to believe that the Plaintiff had committed any crime.

35. The Plaintiff was not armed at the time of the uses of force, and in fact was only wearing underwear, and obviously was unarmed. He was also 72 years old, and visibly a frail, elderly man.

36. At no time did the Plaintiff attack or assault any police officer, or any individual. Nor did he resist in any way.

37. The defendant police officers' actions were objectively unreasonable, unlawful, unwarranted, and in violation of the Plaintiff's clearly established procedural and substantive rights, including the right to be free from excessive force under the Fourth Amendment of the United States Constitution.  Fourth Circuit case law has long been clear that violent physical force by a police officer is excessive in response to "mere words" by an arrestee where the arrestee "never pushed, kicked, or threatened anyone." Jones v. Buchanan, 325 F.3d 520 (4th Cir. 2003).

38. The defendant officer's actions were willful, wanton, intentional, malicious and done with a callous and reckless disregard for the Plaintiff's Fourth Amendment right to be free from excessive force.  In the event that this Court determines that the use of force, or any portion of the use of force, against the Plaintiff was performed at a time was when he was a pretrial detainee, the Plaintiff pleads excessive force, in the alternative, under the Fourteenth Amendment of the U.S. Constitution.

39. The Plaintiff suffered harm and damages for which he is entitled to recover.

**COUNT TWO - EXCESSIVE FORCE UNDER 42 U.S.C. 1983**

**VIOLATION OF THE FOURTEENTH AMENDMENT**

40. Plaintiff incorporates by reference all the allegations contained in the previous paragraphs.

41. The defendant police officers, Ralph W. Justus, Dale Murray and James Coburn, under color of state law, used excessive force against the Plaintiff, as described above in detail, on April 18 2015, at the Welch detachment of the West Virginia State Police.

42. When the defendants took the Plaintiff, who as at that time a pretrial detainee, into the hallway of the Welch detachment and beat him, fracturing ribs, fracturing his finger and damaging his lung, they inflicted unnecessary and wanton pain and suffering on the Plaintiff.

43. At the time these violent uses of physical force were used against the Plaintiff, there was no need for physical force to be used against the Plaintiff. He was shackled and compliant. He was taken into the hallway for the sole reason of beating him outside the view of surveillance cameras.

44. The defendant officers were not acting in response to any physical assault, threat, resistance, or lack of compliance by the Plaintiff. He was requesting to go to the bathroom and believed that the officers were taking him to the bathroom.

45. Even if there was a need for some amount of force to be applied, which there was not, the defendant police officers applied an excessive amount of force, as evidenced by the serious injuries incurred by the Plaintiff, which were left untreated by the defendants.

46. The force used by the defendant officers was not applied in a good faith effort to maintain and restore discipline, but rather was applied maliciously and sadistically for the purpose of causing harm.

47. The defendant officers' actions were unreasonable, willful, wanton, intentional, malicious and done with a callous and reckless disregard for the Plaintiff's clearly established

Fourteenth Amendment right to be free from excessive force. Plaintiff had a clearly established right to be free from being beaten while being compliant and posing no threat to any individual.

48. Plaintiff suffered harm and damages for which he is entitled to recover.

### COUNT THREE - BYSTANDER LIABILITY

49. Plaintiff incorporates by reference all the previous paragraphs.

50. The defendants were on duty as West Virginia State Troopers on April 18, 2015 and were present in the Welch detachment while they and their colleagues were using force against the Plaintiff.

51. To the extent that the Plaintiff doesn't recall which officer performed which specific act of violence against him, he alleges bystander liability for each of the three officers for all acts of violence, even those not committed directly by that officer.

52. It would be readily apparent to any objectively reasonable officer that the beating and physical abuse perpetrated against the Plaintiff, as alleged herein in detail, when he was shackled, handcuffed and being compliant would violate the Fourteenth Amendment rights of that detainee, the Plaintiff, to be free from the infliction of excessive force.

53. The defendants' actions as alleged herein were under color of law, objectively unreasonable, willful, wanton, intentional and done with a callous and reckless disregard for the Plaintiff's Fourteenth Amendment rights to be free from excessive force.

54. The Plaintiff suffered harm and is entitled to recover damages for the same.

### COUNT FOUR - SUPERVISORY LIABILITY

### UNDER 42 U.S.C. 1983

**(Defendant John Doe)**

55. Plaintiff incorporates by reference all allegations contained in previous paragraphs.

56. Defendant John Doe, a West Virginia State Police supervisor over Defendant Ralph W. Justus, had actual and/or constructive knowledge that his subordinate, Ralph W. Justus was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the Plaintiff; namely using excessive force against arrestees and pretrial detainees.

57. John Doe's knowledge is evidenced by the fact that multiple individuals have complained of being beaten by Defendant Justus, including other individuals beaten in the same area of the body, and in a similar manner as the Plaintiff, including at the same hallway location within the Welch state police detachment, as well as at the scene of traffic stops and arrests.

58. The said supervisors's response to that knowledge was so inadequate as to show deliberate indifference to, or tacit authorization of, the practices of using excessive force against arrestees and pretrial detainees.

59. As a direct and proximate result of the said supervisor's inaction, the Plaintiff suffered constitutional violations and was damaged, as described above in detail.

## PRAYER

WHEREFORE, based on the above stated facts, the Plaintiff respectfully requests that this Honorable Court award:

1. Damages against the Defendants in an amount to be determined at trial which will fairly and reasonably compensate the Plaintiff for:

   a. Past, present and future medical expenses;

   b. Past, present and future pain and suffering;

    c.       Loss of enjoyment of life;

    d.       Psychological and emotional distress;

    e.       Any other compensatory damages to be proven at trial;

    f.       Punitive damages against the individual Defendants in an amount to be determined at trial;

    g.       Reasonable attorney fees and costs;

    h.       Any other relief that this Court deems is just and fair;

    i.       All other damages provided by law;

    j.       Injunctive relief requiring appropriate training, supervision and discipline in order to remedy all constitutional deprivations which the Plaintiff suffered;

    k.       Declaratory judgment relief establishing the Defendants' above-described conduct violates the Plaintiff's clearly established constitutional rights.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

                                        MICHAEL C. FERGUSON
                                      By Counsel

/s John H. Bryan
John H. Bryan (WV Bar No. 10259)
JOHN H. BRYAN, ATTORNEY AT LAW
611 Main Street
P.O. Box 366
Union, WV 24983
(304) 772-4999
Fax: (304) 772-4998
jhb@johnbryanlaw.com

for the Plaintiff