IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Bluefield

MICHAEL C. FERGUSON,

    Plaintiff,

v.                                          Civil Action No. 1:17-cv-02336
                                           Honorable David A. Faber

RALPH W. JUSTUS, individually;
DALE MURRAY, individually,
JAMES COBURN, individually,
JOHN DOE, individually,

    Defendants.

### DEFENDANTS', DALE MURRAY AND JAMES COBURN, ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW** the defendants, Dale Murray, individually, and James Coburn, individually, by counsel, Gary E. Pullin, Wendy E. Greve, and Pullin, Fowler, Flanagan, Brown & Poe, PLLC, for their answer to Plaintiff's Complaint and state as follows:

### FIRST DEFENSE

1.     Plaintiff's Complaint fails to state a claim against these Defendants upon which relief can be granted and should, therefore, be dismissed.

### SECOND DEFENSE

### Jurisdiction

2.     The unnumbered paragraph under the sub-heading Jurisdiction states a legal conclusion by which a response by way of admission or denial is not required. To the extent this Complaint alleges a cause of action against the State of West Virginia, these Defendants assert that this Court is without jurisdiction to hear this matter.

## Parties

3. These Defendants are without sufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

4. These Defendants admit the allegations contained in paragraphs 2, 3, and 4 of Plaintiff's Complaint.

5. These Defendant deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

## Facts

6. These Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 6 and 7 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

7. These Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

8. These Defendants are without sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

9. These Defendants deny the allegations contained in paragraphs 10 and 11 of Plaintiff's Complaint.

10. These Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 12 and 13 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

11. These Defendants deny the allegations contained in paragraphs 14, 15, and 16 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

12. These Defendants deny the allegations contained in paragraphs 17 and 18 of Plaintiff's Complaint.

13. These Defendants are without sufficient information to admit or deny the allegations contained in paragraph 19 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

14. These Defendants deny the allegations contained in paragraphs 20, 21, 22, and 23 of Plaintiff's Complaint.

15. These Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 24, 25, and 26 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

16. These Defendants are without sufficient information to admit or deny the allegations contained in paragraph 27 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

17. These Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 28 and 29 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

18. These Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

### COUNT ONE – EXCESSIVE FORCE UNDER 42 U.S.C. 1983
### VIOLATION OF THE FOURTH AMENDMENT

19. In response to paragraph 31, these Defendants reassert their responses to paragraphs 1 through 30 of Plaintiff's Complaint and incorporate the same by reference as if fully set forth herein.

20. These Defendants deny the allegations contained in paragraphs 32, 33, 34, 35, 36, 37, 38, and 39 of Plaintiff's Complaint.

## COUNT TWO – EXCESSIVE FORCE UNDER 42 U.S.C. 1983
## VIOLATION OF THE FOURTEENTH AMENDMENT

21. In response to paragraph 40, these Defendants reassert their responses to paragraphs 1 through 39 of Plaintiff's Complaint and incorporate the same by reference as if fully set forth herein.

22. These Defendants deny the allegations contained in paragraphs 41, 42, 43, 44, 45, 46, 47, and 48 of Plaintiff's Complaint.

## COUNT THREE – BYSTANDER LIABILITY

23. In response to paragraph 49, these Defendants reassert their responses to paragraphs 1 through 48 of Plaintiff's Complaint and incorporate the same by reference as if fully set forth herein.

24. In response to paragraph 50 of Plaintiff's Complaint, these Defendants admit they were on duty as West Virginia State Troopers on April 18, 2015. These Defendants deny all remaining allegations contained in paragraph 50 of Plaintiff's Complaint.

25. These Defendants deny the allegations contained in paragraphs 51, 52, 53, and 54 of Plaintiff's Complaint.

## COUNT FOUR – SUPERVISORY LIABILITY
## UNDER 42 U.S.C. 1983

26. In response to paragraph 55, these Defendants reassert their responses to paragraphs 1 through 54 of Plaintiff's Complaint and incorporate the same by reference as if fully set forth herein.

27. These Defendants deny the allegations contained in paragraphs 56, 57, 58, and 59 of Plaintiff's Complaint.

28. These Defendants deny they acted individually or outside the scope of their official capacity or their official duties.

29. These Defendants deny all allegations contained in Plaintiff's Complaint not specifically admitted herein.

30. These Defendants deny that the Plaintiff is entitled to the relief sought in the Prayer of Plaintiff's Complaint.

### THIRD DEFENSE

That these Defendants assert the defenses of insufficiency of process and insufficiency of service of process.

### FOURTH DEFENSE

That to the extent any of the following affirmative defenses are applicable, based upon the evidence adduced in this matter, these Defendants invoke the following defenses of contributory negligence, comparative negligence, assumption of the risk, waiver, estoppel, laches, release, res judicata, collateral estoppel, expiration of the statute of limitations, lack of personal jurisdiction, and any other constituting an avoidance or affirmative defense.

### FIFTH DEFENSE

That these Defendants raise and preserve the defenses of qualified immunity and any other immunity available to each Defendant pursuant to the United States Constitution, the United States Code, the West Virginia State Constitution and the West Virginia State Code.

### SIXTH DEFENSE

That these Defendants assert and preserve the affirmative defenses of absolute and qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Clark v.

Dunn, 465 S.E.2d 374 (W.Va. 1995); and State v. Chase Securities, Inc., 424 S.E.2d 591, 595 (W. Va. 1992).

### SEVENTH DEFENSE

That these Defendants are immune from liability because they acted at all times with probable cause and in the good faith performance of their official duties.

### EIGHTH DEFENSE

That these Defendants deny that they acted in violation of the Plaintiff's Constitutional rights and further deny that they acted willfully, intentionally, or in callous disregard for the Plaintiff's Constitutional and statutory rights or that they in any way denied Plaintiff due process of law.

### NINTH DEFENSE

That the alleged damages, if any, of which the Plaintiff complains, may have been caused by the misconduct of others over which these Defendants had not control.

### TENTH DEFENSE

That these Defendants are immune from suit because their conduct was not in contravention of any clearly established Constitutional right or privilege of the Plaintiff.

### ELEVENTH DEFENSE

That no custom, usage, policy or practice of these Defendants caused a deprivation of Plaintiff's rights.

### TWELFTH DEFENSE

That no custom, usage, policy, practice, acts, or omissions of these Defendants caused a deprivation of Plaintiff's rights, including any civil rights.

**THIRTEENTH DEFENSE**

That these Defendants hereby raise and preserve each and every defense set forth in Rules 8, 9 and 12 of the West Virginia Federal Rules of Civil Procedure, and further reserve the right to raise such additional defenses as may appear appropriate following further discovery and factual development in these case.

**FOURTEENTH DEFENSE**

For a separate and distinct defense, these Defendants state that the Plaintiff, to the extent that he seeks punitive damages, violate the Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of West Virginia, violates the Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article III, Section 5 of the Constitution of the State of West Virginia, and violate the Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of West Virginia, and therefore fails to state a cause of action upon which punitive damages can be awarded.

**FIFTEENTH DEFENSE**

For a separate and distinct defense, these Defendants state that any award of punitive damages to the Plaintiff in this case would violate the constitutional safeguards provided to the Defendants under the due process clause of the Fourteenth Amendment of the United States Constitution, in that punitive damages are vague and are not rationally related to legitimate government interests, and under the Sixth and Eighth Amendments of the United States Constitution, in that punitive damages are penal in nature, and consequently, the Defendants are entitled to the same safeguards accorded to criminal Defendants, and punitive damages would violate the rights guaranteed by the Fifth and Fourteenth Amendments of the United States

Constitution because punitive damages, being penal in nature, would require a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### SIXTEENTH DEFENSE

These Defendants deny that they are liable to the Plaintiff in any amount or that the Plaintiff is otherwise entitled to recovery and/or the relief sought from these Defendants in the Plaintiff's Complaint.

### SEVENTEENTH DEFENSE

These Defendants assert they are immune from claims for punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, having fully answered Plaintiff's Complaint, these Defendants respectfully request that Plaintiff's Complaint be dismissed and held for naught; that the Plaintiff recover nothing from these Defendants; that these Defendants recover their costs, expenses of suit, and a reasonable attorney's fee made necessary in defending this Complaint; and for such other and further relief, whether legal or equitable in nature, as to which these Defendants may appear to be entitled.

### JURY DEMAND

The defendants, Dale Murray, individually, and James Coburn, individually, respectfully demand a trial by jury on all issues so triable.

                                        DALE MURRAY and
                                        JAMES COBURN

                                        By Counsel

_/s/ Gary E. Pullin_
Gary E. Pullin, Esq. (WVSB #4528)
Wendy E. Greve, Esq. (WVSB #6599)

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545
E-Mails: Gpullin@pffwv.com; Wgreve@pffwv.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Bluefield

MICHAEL C. FERGUSON,

    Plaintiff,

v.                                                Civil Action No. 1:17-cv-02336
                                                Honorable David A. Faber

RALPH W. JUSTUS, individually;
DALE MURRAY, individually,
JAMES COBURN, individually,
JOHN DOE, individually,

    Defendants.

## CERTIFICATE OF SERVICE

The undersigned counsel for defendants, Dale Murray, individually, and James Coburn, individually, does hereby certify on this 3rd day of October, 2017, that a true copy of the foregoing "***Defendants', Dale Murray and James Coburn, Answer to Plaintiff's Complaint***" was served upon counsel of record by utilizing the CM/ECF filing system:

*Counsel for Plaintiff Michael C. Ferguson*
John H. Bryan, Esq.
P.O. Box 366
Union, WV 24983
(304) 772-4999
(304) 772-4998 Fax
jhb@johnbryanlaw.com

*Counsel for Defendant Ralph Justus*
Michael D. Mullins, Esq.
Steptoe & Johnson
Post Office Box 1588
Chase Tower, 8th Floor
707 Virginia Street, East
Charleston, WV 25326-1588
(304) 353-8157
(304) 353-8180 Fax
Michael.Mullins@steptoe-johnson.com

                                                Gary E. Pullin, Esq., WV State Bar No. 4528
                                                Wendy E. Greve, Esq., WV State Bar No. 6599

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone:  (304) 344-0100
Facsimile:   (304) 342-1545
E-Mails:     gpullin@pffwv.com; wgreve@pffwv.com